ORIGINAL

# In the United States Court of Federal Claims

No. 15-1444C
(Filed: May 16, 2016)

FILED
MAY 1 6 2016
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                 *
E-YAGE BOWENS,                                   *
                                                 *
              Plaintiff,                         *
                                                 *
       v.                                        *
                                                 *
THE UNITED STATES,                               *
                                                 *
              Defendant.                         *
                                                 *
                                                 *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER OF DISMISSAL

**WILLIAMS**, Judge.

This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background

Plaintiff pro se E-Yage Bowens, an inmate, seeks a writ of habeas corpus "for unconditional release," a request for admission that "Article IV courts" are not constitutional courts but rather are "legislative courts," a "genuine and certified copy of the Delegation of Authority Order" outlining the jurisdiction of the court which imposed his sentence, a request for admission that the judge who presided over his criminal trial "does not possess life tenure and a permanent salary" and "is incapable of exercising any portion of the judicial power," an order requiring response to his requests for admission within 72 hours, an order that all responses be made under penalty of perjury with "wet-ink signatures in proper color, under official seals and in full compliance with their sworn oaths," and summary affirmance for all relief sought. Compl. 7-9.

Plaintiff alleges that he was "ceaselessly subjected to a fictitious criminal action by a court of incompetent jurisdiction" from January 21, 2011 through July 8, 2015, and that he did not receive a fair trial due to the conduct of the presiding judges. Id. at 3. Plaintiff contends that

he is innocent of any criminal acts, and that he has been denied his rights under the due process clause of the Fifth Amendment. Id. at 4.

Plaintiff filed suit in this Court on November 30, 2015, but did not pay a filing fee, nor did Plaintiff submit an application to proceed in forma pauperis. On December 23, 2015, the Court ordered Plaintiff to file an application to proceed in forma pauperis by January 20, 2016, if he wished to proceed without paying the filing fee. Order (Dec. 23, 2015). Plaintiff failed to do so. The Court issued a second order on February 19, 2016, stating that Plaintiff had not yet filed his application to proceed in forma pauperis, and extending the deadline for such application until March 21, 2016. Order (Feb. 19, 2016). Again Plaintiff failed to submit either his application to proceed in forma pauperis or pay the Court's filing fee. Plaintiff also failed to respond to Defendant's motion to dismiss filed on January 21, 2016.

## Discussion

Although pro se litigants are afforded a greater degree of leniency in procedural matters, they are not excused from following the deadlines imposed by the rules of this Court. See Barnes v. United States, 122 Fed. Cl. 581, 584 (2015). Pursuant to Rule 41(b) of the Rules of the Court of Federal Claims, if a plaintiff fails to prosecute his case or to comply with the rules or a court order, the Court may dismiss a plaintiff's case on its own motion. This authority is considered an inherent power, stemming from the necessity of achieving "the orderly and expeditious disposition of cases." Whiting v. United States, 99 Fed. Cl. 13, 17 (2011) (internal citations and quotation marks omitted). Dismissal of a pro se plaintiff's claim is "justified when a party fails to pursue litigation diligently and disregards the court's rules . . . ." Id. Here, Plaintiff has failed to pay the Court's filing fee and to file his response to Defendant's motion to dismiss, which was due on February 22, 2016. Failure to pay the Court's filing fee constitutes grounds for dismissal. See Brown v. United States, 88 Fed. Cl. 795, 798 (2009). Therefore, the Court dismisses Plaintiff's complaint for failure to prosecute.[1]

Even if this Court were to permit Plaintiff's action to proceed, the suit would be subject to dismissal for lack of jurisdiction. Plaintiff has not alleged any conduct by any United States employees or agencies, but rather has only named the warden of a state facility - - the Taylor Correctional Institution, in the Florida Department of Corrections. This Court's jurisdiction is limited to suits against the United States, and the Court does not have jurisdiction over claims against state employees. See United States v. Sherwood, 312 U.S. 584, 588 (1941) (holding that this Court's jurisdiction "is confined to the rendition of money judgments in suits brought for that relief against the United States"); Smith v. United States, 99 Fed. Cl. 581, 583 (2011) (citing Moore v. Pub. Defs. Office, 76 Fed. Cl. 617, 620 (2007)).

---

[1] Even had Plaintiff filed his application, this Court would have been constrained to deny it. Under the three strikes rule, a prisoner who has filed three or more actions in federal court that have been dismissed as frivolous, malicious, or failing to state a claim is prohibited from proceeding in forma pauperis. See 28 U.S.C. 1915(g) (2012); see also Learning v. United States, 114 Fed. Cl. 201, 203 (2014). The appendix to Defendant's motion to dismiss shows that Plaintiff has been classified as a multiple filer by the District Court and is subject to the three strikes rule. See, e.g., Def.'s App. at A2 (listing six cases filed by Plaintiff that were dismissed as frivolous or for failing to state a claim).

Additionally, this Court does not have jurisdiction to review decisions rendered by state courts, or to entertain criminal matters. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994); Landers v. United States, 39 Fed. Cl. 297, 301 (1997). Finally, this Court does not have jurisdiction over claims arising under the due process clause of the Fifth Amendment, as it is not money-mandating. LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995).

### Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk of Court is directed to dismiss this action.

*[signature: Mary Ellen Coster Williams]*
**MARY ELLEN COSTER WILLIAMS**
Judge